IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRINA HARRISON, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A. and <br> NICHOLAS PACUMIO, <br><br> Defendants. | No. C 18-07824 WHA <br><br> **ORDER ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND VACATING HEARING** |

## INTRODUCTION

In this race-discrimination action, *pro se* plaintiff moves for leave to file an amended complaint. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

The following facts, taken from the proposed amended complaint, are assumed to be true for purposes of the present motion. *Pro se* plaintiff Patrina Harrison has been a customer of defendant Wells Fargo Bank, N.A. since 1991 and had applied for a federal home loan (Dkt. No. 46-1 ¶ 20).

On June 17, 2018, Wells Fargo sent plaintiff an email regarding the status of her pending federal home loan application, stating the following: "Please forward the required documentation before or on June 18, 2018, by 4:00 P.M. Bring to your nearest Wells Fargo Branch a copy of your bankruptcy discharge notice, a copy of your name change decree, and a

copy of your proof of income, and all additional income, on or before June 18, 2018 by 4:00 P.M." (*ibid*.).

On June 18, 2018, plaintiff visited the Wells Fargo branch located at 1183 Ocean Avenue, San Francisco, to present the requested documentation (Dkt. No. 46-1 ¶ 1). Plaintiff also sought to make a deposit in her business checking account, which was "necessary to satisfy the requirement of additional income" (*id*. ¶ 2).

When plaintiff entered the bank and took a seat to remove the necessary documentation to present to the banker, defendant Nicholas Pacumio, the branch manager, asked plaintiff "what are you doing in the bank," and stated "get out, you're black!" (*id*. ¶ 5). Pacumio then approached an "Asian Woman" who had entered the bank at the same time as plaintiff, offered her a water bottle, and escorted her to a teller desk (*ibid*.).

Plaintiff subsequently left the Wells Fargo branch at 1183 Ocean Avenue "under . . . Pacumio's orders" and arrived at another Wells Fargo branch in downtown San Francisco by 7:00 p.m., after that branch had already closed (*id*. ¶ 8). When she arrived at her apartment, plaintiff checked her email and saw that she had received another email regarding the Wells Fargo federal home loan program at 4:00 p.m. that day, notifying her that her application had been denied due to her bankruptcy (*id*. ¶ 9).

Plaintiff alleges that Pacumio denied her "the opportunity to contract for the service on her federal home loan application[] by telling her to leave the bank[] and that she was black, and also by refusing to let her see a bank[er], even though there was a white[] male banker sitting at the desk doing nothing" (*id*. ¶ 7). She now seeks to amend her claims under 42 U.S.C. § 1982 and Section 601 of the Civil Rights Act of 1964 and to bring new claims under the Equal Credit Opportunity Act (ECOA) and Fair Housing Act (FHA) (Dkt. Nos. 46; 46-1 at 9–10). Defendants oppose. This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiff's motion for leave to file an amended complaint suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for June 20.

**ANALYSIS**

Rule 15(a)(2) permits a party to amend its pleadings with the court's leave, advising that "[t]he court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under Rule 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Pro se* pleadings must be liberally construed. *See Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). A court, however, "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

**1. 42 U.S.C. § 1982 (CLAIM 2).**

Section 1982 provides that "All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. To state a claim under Section 1982, plaintiff must show that: (1) "she is a member of a racial minority"; (2) "she applied for and was qualified to rent or purchase certain property or housing"; (3) "she was rejected"; and (4) "the housing or rental opportunity remained available thereafter." *Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

Defendants first argue that plaintiff failed to allege "that she applied for and was qualified to purchase certain real property from Wells Fargo," as plaintiff only alleged that she

3

applied for a mortgage loan (Dkt. No. 50 at 4). Defendants, however, do not cite any authority for the proposition that Section 1982 only encompasses claims involving attempts of direct purchase of real property from a defendant. Indeed, other courts have found sufficiently pled Section 1982 claims involving mortgages rather than the direct purchasing of real property. *E.g.*, *Evans v. All. Funding*, No. C 10-3200 DSF (RZX), 2011 WL 13147440, at *1 (C.D. Cal. Mar. 15, 2011) (Judge Dale S. Fischer) ("The EMC Defendants argue that Plaintiffs provide merely conclusory allegations of discrimination in support of their civil rights claims, but that is not correct. Plaintiffs allege, among other things, that they are African-American and received an interest rate on their mortgage that was higher than similarly qualified non-African-Americans received from Defendants. This is sufficient to state a claim under 42 U.S.C. §§ 1981 and 1982.").

Defendants next contend that plaintiff "states no substantiated, plausible facts to show that she would have qualified for a mortgage loan if she was able to submit the allegedly requested documents" and fails to allege substantiated facts that her loan was denied due to her race (Dkt. No. 50 at 4). This order disagrees. Here, plaintiff alleges that she "was qualified to receive the federal home loan, and would have been approved for the home loan had she not been discriminated against in contractual services" by Pacumio (Dkt. No. 46-1 ¶ 4). Plaintiff further alleges that she went to the Wells Fargo branch at 1183 Ocean Avenue in order to present, *inter alia*, her bankruptcy discharge notice, but was prevented from doing so because of her race (*id.* ¶ 2). Her application was subsequently denied "due to bankruptcy" (*id.* ¶ 9). That is, in liberally construing the complaint, plaintiff alleges that she would have been qualified for a mortgage loan had she not been prevented from presenting her bankruptcy discharge notice. Taking these allegations as true and in the light most favorable to plaintiff, this order finds that plaintiff has sufficiently pled that she was qualified for the loan.

Defendants further complain that plaintiff failed to allege certain facts such as the amount of the mortgage loan she sought (Dkt. No. 50 at 4–5). At the motion to dismiss stage, however, such facts need not be alleged to satisfy Rule 8. Accordingly, the motion for leave to amend the Section 1982 claim is **GRANTED**.

4

**2. SECTION 601 OF THE CIVIL RIGHTS ACT OF 1964 (CLAIM 3).**

Section 601 of the Civil Rights Act of 1964, states that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

The prior order dismissing plaintiff's Title VI claim with leave to amend found that plaintiff failed to allege in her original complaint facts as to whether Wells Fargo is part of a "program or activity receiving federal financial assistance" within the meaning of Title VI (Dkt. No. 42 at 9). That order noted that simply because Wells Fargo participates in certain federal programs does not necessarily mean that it uses any federal funding to finance those home loans (*ibid.*).

Here, plaintiff's proposed amended complaint simply regurgitates the deficiencies noted in the prior order dated May 13. That is, plaintiff merely alleges that defendants "receiv[e] federal financial assistance" and "us[ed] those funds to finance federal home loans" (Dkt. No. 46-1 at 10). While this order must construe plaintiff's pleadings liberally, it "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg*, 18 F.3d at 754–55. Other than the conclusory allegation that Wells Fargo receives federal financial assistance, plaintiff pleads no other facts from which this order may reasonably draw such a conclusion. Accordingly, the motion for leave to amend the Title VI claim is **DENIED**.

**3. EQUAL CREDIT OPPORTUNITY ACT & FAIR HOUSING ACT (CLAIMS 4–5).**

The ECOA makes it illegal "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1); *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210 (9th Cir. 2013). While our court of appeals has not had an opportunity to articulate a standard for ECOA discrimination claims in this context, other circuits apply a multi-element test to determine whether a plaintiff has properly pleaded a claim of disparate treatment under the ECOA. To satisfy this test, plaintiff must allege that: (1) she is

a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified. *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009).

The FHA makes it illegal "for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). A *prima facie* case of disparate treatment requires a showing that: "(1) plaintiff's rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, plaintiff has suffered a distinct and palpable injury." *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). Defendants argue leave to amend should not be granted as to the ECOA and FHA claims because plaintiff failed to allege facts establishing that (1) she applied for credit with Wells Fargo for which she qualified and that she was denied despite being qualified, and (2) Wells Fargo approved loan applications of non-African-American applicants with the same qualifications (Dkt. No. 50 at 7).

Plaintiff, however, "need not make out a prima facie case of discrimination" to plead her disparate treatment claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).[*] Regardless, as explained above, this order finds (in liberally construing the complaint) that plaintiff has sufficiently alleged that she would have been qualified for the loan had she been given the opportunity to perfect her application. And, she was prevented from completing her application due to her race, as demonstrated by her allegation that a non-African-American customer was granted full access to Wells Fargo's service. Accordingly, plaintiff's motion for leave to amend the ECOA and FHA claims is **GRANTED**.

---

[*] In a Title IX case, our court of appeals has recently noted that "the Supreme Court [has] reiterated that '[t]he prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement.'" *Austin v. Univ. of Oregon*, — F.3d —, 2019 WL 2347380, at *3 (9th Cir. June 4, 2019) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). "It is well established that, under Rule 8(a), a plaintiff need only provide 'enough facts to state a claim to relief that is plausible on its face.'" *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also McGary v. City of Portland*, 386 F.3d 1259, 1262 (9th Cir. 2004) ("The Ninth Circuit has explicitly extended the Court's holding in *Swierkiewicz* to Fair Housing Act (FHA) claims."). So too here.

6

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint **GRANTED IN PART AND DENIED IN PART**. Plaintiff may seek leave to amend her Title VI claim (proposed Claim 3) within **TWENTY-ONE CALENDAR DAYS** of this order. (Plaintiff, however, may not seek leave to bring new claims). Plaintiff must plead her best case. In the meantime, discovery should proceed. The answer is due on all other claims within **FOURTEEN CALENDAR DAYS** of this order and will be due on the Title VI claim fourteen calendar days after it is allowed, if ever. The Court believes that Rule 12 practice should cease and yield to discovery and Rule 56 practice. The hearing scheduled for June 20 is **VACATED**.

**IT IS SO ORDERED.**

Dated: June 18, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE