1
2
3
4
5
6    IN THE UNITED STATES DISTRICT COURT
7
8    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   PATRINA HARRISON,                              No. C 18-07824 WHA
11        Plaintiff,
12     v.                                           **ORDER ON MOTION FOR
                                                    LEAVE TO FILE AN AMENDED
13   WELLS FARGO BANK, N.A. and                    COMPLAINT AND VACATING
     NICHOLAS PACUMIO,                             HEARING**
14
15        Defendants.
                                          /
16

In this race-discrimination action, *pro se* plaintiff Patrina Harrison moves for leave to amend her Title VI claim. This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds the motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for September 26.

Prior orders have detailed the background of the instant action (Dkt. Nos. 42, 57). In brief, according to the proposed amended complaint, plaintiff applied for a federal home loan with defendant Wells Fargo Bank, N.A. (Dkt. No. 63-1 ¶ 1). In June 2018, plaintiff brought certain documents, which Wells Fargo requested to support her application, to the Wells Fargo branch located at 1183 Ocean Avenue, San Francisco (*id*. ¶¶ 1–2). Branch manager defendant Nicholas Pacumio, however, kicked plaintiff out of the bank allegedly on account of her race before she could present those documents (*id*. ¶¶ 5–8). Her application was subsequently denied (*id*. ¶ 9).

Section 601 within Title VI of the Civil Rights Act of 1964 states that "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." A prior order dated May 13 dismissed plaintiff's Title VI claim with leave to amend (and let other claims go through) where she merely alleged that defendants " 'refus[ed]' her 'service while serving under [the] color of law, in the defendants['] capacity serving as an agent of the federal government, processing federal home loan[] applications,' thereby 'inflict[ing] emotional distress injuries' " (Dkt. No. 42 at 9 (citing Dkt. No. 1 at 4)). That order found that plaintiff did not allege sufficient facts as to whether Wells Fargo is part of a "program or activity receiving federal financial assistance" within the meaning of Title VI, noting that simply because Wells Fargo participated in certain federal programs did not necessarily mean that it received or used any federal funding, much less for the particular loan at issue (*ibid.*).

A later order dated June 18 denied plaintiff's motion for leave to amend her Title VI claim, finding that plaintiff merely "regurgitate[d] the deficiencies noted in the prior order dated May 13" (Dkt. No. 57 at 5). Plaintiff's most recent proposed complaint attached to the instant motion fares no better. While this order must construe plaintiff's pleadings liberally, it "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). The conclusory allegation that "Wells Fargo Bank is part of a 'program or activity receiving federal financial assistance' within the meaning of Title VI" is insufficient to support a Title VI claim at this stage, as plaintiff still pleads no other facts from which this order may reasonably draw such a conclusion (*see* Dkt. No. 63-1 ¶¶ 3, 12). As defendants point out, plaintiff *still* does not even identify the particular loan at issue but instead speaks only in general, conclusory terms.

Accordingly, plaintiff's second motion for leave to amend the Title VI claim is **DENIED**. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility alone can justify the denial of a motion for leave to amend."). The prior order dated June 18 allowed plaintiff to seek leave

to amend her Title VI claim but warned her to "plead her best case" (Dkt. No. 57 at 7). As such, plaintiff's Title VI claim is **DISMISSED** without further leave to amend. No more motions for leave to amend the complaint will be entertained. The parties are reminded that the non-expert discovery must be completed by November 22 and the last day to file dispositive motions is February 27, 2020 (Dkt. No. 48 ¶¶ 3, 9).

**IT IS SO ORDERED.**

Dated: September 11, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE